Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BOY RACER, INC., <br><br> Plaintiff, <br><br> v. <br><br> DOES 2-71, <br><br> Defendants. | No. C-11-02833 EJD <br><br> **[PROPOSED] ORDER GRANTING PLAINTIFF'S APPLICATION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE** |

**ORDER GRANTING PLAINTIFF'S APPLICATION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE**

The Court has reviewed Plaintiff's *Ex Parte* Application for Leave to Take Discovery Prior to Rule 26(f) Conference (DKT#3). Good cause and joinder appearing therefore, and for the reasons cited in Plaintiff's Application (DKT#3), said application is **GRANTED**. *See UMG Recordings v. Does 1-4,* 64 Fed. R. Serv.3d 305 (N.D. Cal. 2006). Plaintiff is hereby authorized to serve Rule 45 subpoenas and a copy of this Order upon each and every Internet Service Provider (ISPs) identified in Exhibit A attached to the Complaint. The information sought shall be limited to information sufficient to identify each Defendant based on supplied IP addresses, including name, currect (and permanent) address, telephone number, e-mail address, and Media Access Control address.

Each ISP so served shall, in turn, serve a copy of the subpoena and a copy of this Order upon the subscriber (whose identity is sought through the subpoena and for whom Plaintiff has provided an IP address) within five (5) days of the ISP's receipt of the subpoena. The subscribers shall then have fifteen (15) days from the date of service upon them to file any objections with this Court. If that 15-day period elapses without any subscriber filing an objection or motion to quash, the ISP served with the subpoena shall have ten (10) days after said lapse to produce each subscriber's name, address, telephone number, e-mail address, and Media Accress Control addresses to Plaintiff pursuant to the subpoena.

The Court further orders that any information disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of prosecuting this litigation. Plaintiff and any entity which receives a subpoena shall confer, if necessary, with respect to the issue of payment for the information requested in the subpoena. If any entity subpoenaed pursuant to this Order wishes to move to quash the subpoena, it must do so before the return date of the subpoena, which shall be thirty (30) days from the date of service. It is ordered that the subpoenaed entity shall preserve any suppoenaed information pending the resolution of any timely-filed motion to quash.

This order disposes of Docket No. 3.

IT IS SO ORDERED.

DATED:_____     _____
                                           Edward J. Davila
                                   United States District Court Judge