IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BOY RACER, INC., | NO: 5:11-cv-02833 EJD (PSG) |
| Plaintiff(s), <br> v. <br> DOES 2-71, | **ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO TAKE LIMITED EXPEDITED DISCOVERY** |
| Defendant(s). | [Re: Docket No. 3] |

In this action, Plaintiff Boy Racer, Inc. asserts claims for copyright infringement pursuant to 17 U.S.C. § 101 *et seq.*, and for civil conspiracy. Complaint, ECF No. 2. Boy Racer claims to have identified the Internet Protocol ("IP") addresses of the allegedly infringing Does defendants, and seeks permission to take limited, expedited discovery in order to obtain the names and contact information of the individuals associated with the addresses. *Ex Parte* Motion for Expedited Discovery, ECF No. 3. Boy Racer requests the Court allow it to serve subpoenas on certain Internet Service Providers ("ISP's") to obtain information identifying the Doe defendants so that it can complete service of process. *Id.* at 19-21.

As discussed below, Boy Racer has demonstrated that: (1) the Doe defendants are real people who may be sued in federal court; (2) it has attempted unsuccessfully to identify the Doe defendants prior to filing this motion; (3) its infringement and civil conspiracy claims against the Doe defendants could survive a motion to dismiss; and (4) there is a reasonable likelihood the service of

1

Case No. 5:11-cv-02833 EJD
ORDER GRANTING *EX PARTE* MOTION FOR EXPEDITED DISCOVERY(EJDEX1)

United States District Court
For the Northern District of California

proposed subpoenas on the ISPs would lead to information identifying the Doe defendants. The Court therefore finds good cause exists to allow Boy Racer to engage in this preliminary discovery. Accordingly, the Court **GRANTS** Boy Racer's motion as specifically stated below.

## I. BACKGROUND

Boy Racer alleges that it is a New York-based corporation that produces and distributes adult entertainment content. Complaint, ECF No. 2 at 2, ¶ 6. It alleges that it owns the exclusive distribution and reproduction rights of the work at issue, an adult video entitled "POV Punx." *Id.* at 5-6, ¶ 26. According to Boy Racer, each of the 71 Doe defendants illegally reproduced and distributed the copyrighted work to numerous third parties through a peer-to-peer file sharing network. Based on this conduct, Boy Racer asserts that each of the Doe defendants has infringed on Boy Racer's exclusive rights in "POV Punx" protected under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, thereby causing economic and reputation damages to Boy Racer. *Id.* at 14-15, ¶ 29. Boy Racer also claims that each of the Doe defendants participated in a common-plan civil conspiracy to unlawfully reproduce and distribute the work, causing economic and reputation damage to Boy Racer. *Id.* at 5-8, ¶ 33.

Because the peer-to-peer file sharing network that the Doe defendants utilized is partially anonymous, Boy Racer does not know the defendants' names and addresses, and, as a result, is unable to complete service of process on them. Motion, ECF No. 3 at 15-17. However, Boy Racer has been able to identify the IP assigned to each of the Doe defendants and the date and time that each defendant allegedly infringed on Boy Racer's copyrighted work. *Id*. Additionally, Boy Racer has identified the ISP for each of the IP addresses. *Id*. at 20-23. Boy Racer therefore requests that, pursuant to Federal Rules of Civil Procedure 26(d), the Court grant it leave to serve Rule 45 third-party subpoena on each ISP listed in Exhibit A of the Complaint that assigned an IP address to the Doe defendant so that Boy Racer may obtain the names and contact information of the Doe defendants to effect service of process on them. *Id.* at 18-21.

//
//
//

## II. DISCUSSION

**A. Legal Standard for Leave to Take Expedited Discovery**

A court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interest of justice. Fed. R. Civ. P. 26(d). Courts within the Ninth Circuit generally consider whether a plaintiff has shown "good cause" for the early discovery. *See, e.g., IO Group, Inc. v. Does 1-65,* No. C 10-4377 SC, 2010 WL 4055667, at *2 (N.D. Cal. Oct. 15, 2010). When the identities of defendants are not known before the complaint is filed, a plaintiff "should be given an opportunity through discovery to identify the unknown defendants unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980). In evaluating whether a plaintiff establishes good cause for attempting to learn the identity of Doe defendants through early discovery, courts examine whether plaintiff (1) has identified the Doe defendants with sufficient specificity that the court can determine that the defendants are real people who can be sued in federal court, (2) has recounted the steps it has taken to locate and identify the defendant, (3) has demonstrated that the action can withstand a motion to dismiss, and (4) has proved that the discovery is likely to lead to identifying information that will permit service of process. *Columbia Ins. v. seescandy.com,* 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

**B. Plaintiff Has Shown Good Cause**

Here, Boy Racer has made sufficient showing under each of the four factors listed above to establish good cause to permit it to engage in early discovery to identify the Doe defendants.

First, Boy Racer has identified the Doe defendants with sufficient specificity by submitting a chart listing each of the defendants by the IP address assigned to them on the day Boy Racer alleges the particular defendant engaged in the infringing conduct. *See* Exh. A, ECF No. 2-1; Hansmeier Decl., ECF No. 3-1 at 18-26, ¶ 15.

Second, Boy Racer has adequately described the steps taken to locate and identify the Doe defendants. Specifically, Boy Racer investigated and collected data on unauthorized distribution of copies of "POV Punx" on BitTorrent-based peer-to-peer networks. Hansmeier Decl., ECF No. 3-1 at 18-26, ¶ 15. The data that Boy Racer gathered, separated out by Doe defendant, is listed in Exhibit A

to the Complaint and includes each defendant's IP address, the ISP that assigned that ISP address, and the date and time the defendant infringed on Boy Racer's copyrighted work. Exh. A, ECF No. 2-1. However, Boy Racer has been unable to further identify the Doe defendants.

Third, Boy Racer has pled the essential elements to state a claim for copyright infringement and a claim for civil conspiracy against the Doe defendants. Complaint, ECF No.2 at 10-12, ¶ 28.

Fourth, Boy Racer has demonstrated that the proposed subpoena seeks information likely to lead to identifying information that will allow Boy Racer to effect service of process on the Doe defendants. Specifically, the proposed subpoena requests that each ISP produce information sufficient to identify the Doe defendant who has subscribed to its service, including the defendant's name, address, telephone number, email address, and media access control address. Complaint., ECF No. At 15-17.

Taken together, the Court finds that the foregoing factors demonstrate good cause to grant Boy Racer leave to conduct early discovery to identify the Doe defendants. *See Semitool, Inc. v. Tokyo Elctron Am., Inc.,* 208 F.R.D. 273, 275-77 (N.D. Cal. 2002). Further, the Court finds that early discovery furthers the interest of justice and poses little, if any, inconvenience to the subpoena recipients. Permitting Boy Racer to engaged in this limited, early discovery is therefore consistent with Rule 26(d).

### III. ORDER

For the reasons stated above, the Court **GRANTS** Boy Racer's *Ex Parte* Motion for Expedited Discovery as follows:

1. **IT IS HEREBY ORDERED** that Plaintiff immediately serve Rule 45 subpoenas on the ISPs listed in Exhibit A to the Complaint to obtain information to identify each Doe Defendant, including the name, address, telephone numbers, email addresses, and media access control addresses. Each subpoenas shall have a copy of the Order attached.

2. **IT IS FURTHER ORDERED** that the ISPs will have (30) days from the date of service upon them to service the subscribers of the IP addresses with a copy of the subpoena and a copy of this order. The ISPs may serve the subscribers using any reasonable means, including written notice sent to the subscriber's last known address, transmitted either by first-class mail or via overnight

1 service.

2     3. **IT IS FURTHER ORDERED** that subscribers shall have (30) days from the date of
3 service upon them to file any motions in this court contesting the subpoena (including motion to
4 quash or modify the subpoena). If that 30-day period lapses without a subscriber contesting the
5 subpoena, the ISPs shall have (10) days to produce the information responsive to the subpoena to
6 Plaintiff.

7     4. **IT IS FURTHER ORDERED** that the subpoenaed entity shall preserve any subpoenaed
8 information pending the resolution of any timely-filed motion to quash.

9     5**. IT IS FURTHER ORDERED** that any ISP that receives a subpoena pursuant to this
10 Order shall confer with Plaintiff and shall not assess any charge in advance of providing the
11 information requested in the subpoena. Any ISP that receives a subpoena and elects to charge for the
12 costs of production shall provide a billing summary and cost reports that serve as a basis for such
13 billing summary and any costs claimed by such ISP.

14     6. **IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of this order along with
15 any subpoenas issued pursuant to this order to the necessary entities.

16     7**. IT IS FURTHER ORDERED** that any information disclosed to Plaintiff in response to a
17 Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as
18 set forth in its complaint.

20 IT IS SO ORDERED.

21 Dated: July 13, 2011

    EDWARD J. DAVILA
22     United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Brett Langdon Gibbs blgibbs@wefightpiracy.com

**Dated: July 13, 2011**                                        **Richard W. Wieking, Clerk**

                                                            **By:    /s/ EJD Chambers**
                                                                **Elizabeth Garcia**
                                                                **Courtroom Deputy**