IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

FILED

2011 SEP 13 P 2: 17

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT

|  |  |
|---|---|
| BOY RACER, INC., )<br><br>Plaintiff, )<br><br>vs. )<br><br>DOES 2-71, )<br>Defendants. )<br>_____ )<br>) | CASE No. 5:11-cv-02833-EJD<br><br><br>DEFENDANT'S RESPONSE TO PLAINTIFF'S OMNIBUS RESPONSE TO MOVANTS' MOTIONS TO QUASH |

As an individual attempting to protect my privacy, I wish to counter some of the arguments put forth in the Plaintiff' Omnibus Response to Movants' Motions to Quash. The reason I filed a motion to quash was because I wish to maintain my anonymity as long as possible. Filing the motion under my given name would in fact defeat the purpose of filing the motion in the first place. I respectfully request the court consider the arguments below without requiring me to reveal personally identifiable information.

**I. ONLY ONE IP ADDRESS BELONGS TO ME**

To counter and dispose of one of the main issues in Plaintiff's Omnibus Opposition to Motions to Quash, I would like to state for the record that only one IP address was asserted by Comcast as belonging to me. While I would like to thank Plaintiff's counsel for being so concerned about the potential costs of litigation should the case be severed and it turn out that more than one identified IP address belong to me, in fact, only one IP address was identified as belonging to me and therefore this argument is moot as far as I am concerned.

Since Plaintiff's counsel is so concerned over the similarities in the motions to quash, I

invite the court and Plaintiff's counsel to learn more about the case in the same manner I did, namely, to perform a search on Google of "Steele Hansmeier scam." In the list of links, there is a website providing this document specifically for use by anonymous defendants to assert their rights in a court of law. Further, I would like to point out that the motion I submitted is available online via "PACER" and therefore any other Doe Defendants would have been able to see and copy my motion prior to filing one on their own1.

## II. PLAINTIFF'S COUNSEL IS NOT ENTITLED TO JOINDER

Plaintiff's counsel counters many of the cases I cited. However, Plaintiff clearly misstates the decision by this court in John Doe 1- 71 where this court clearly states "undersigned further recommends that if Boy Racer can refile separate complaints against Does 2 through 71…." I would like to point out that the court stated "complaints" in the plural, therefore, when this court said "refile separate complaints" that appears to mean "file more than one separate complaint". Plaintiff in fact filed ONE separate complaint, clearly contrary to the court order.

Further, more and more of these so- called "copyright troll" cases are being severed by courts as judges come to realize that Federal joinder rules are being misused by lawyers in order to file a single lawsuit and use early ex-parte discovery to gain the identity of Comcast customers' identities in order to later send settlement letters demanding thousands of dollars. Just yet another case was thrown out by the Northern District of California last week, specifically On the Cheap, LLC v. Does 1-5011, Case No. 10-4472-BZ (N.D. Cal. Sept. 6, 2011) noted that

Even if Plaintiff had satisfied FRCP 20(a)(2)'s conditions for joinder, I would still sever the Doe Defendants based on my discretionary authority under FRCP 20(b). Since Joinder is permissive in character…. and FRCP 21 "there is **no requirement**

---

1I will also be serving this motion to the other Doe Defendants in this case and the other Defendants may choose to use a modified version of this document themselves.

**that the parties must be joined** dna esufnoc" dluow rednioj erehw ylralucitrap ", l parties involved' rather than make the resolution of thecomplicate the issue for al citing) 1067d 2 .Supp .F 234 ,.Inc ,.Co .Wynn v Nat'l Broad .case more efficient Because the ….(1652 §<u>Federal Practice and Procedure</u> ,Kane &Miller  ,Wright trials-l issues will create "scores of minilarge number of defendants with individua involving different evidence and testimony" and complicate the issues for all those it is more efficient to proceed with separate cases where there will be ,involved .n hearings and ADR effortsincluding separate motio ,separate proceedings [emphasis added]

I would like to point out that in the case of that the judge ,<u>435-1Does .v .Inc ,IO Group</u>

:specifically noted that

> Plaintiff's motive for seeking joinder, therefore, is to keep its own litigation costs down in hopes that defendants will accept a low initial settlement demand. However, filing one mass action in order to identify hundreds of Doe defendants through pre-service discovery and facilitate mass settlements, is not what the joinder rules were established for.  [Case No. 10-4382-SI (N.D. Cal. Feb. 3, 2011)]

## III. AN IP ADDRESS IS NOT THE SAME AS A PERSON
Plaintiff is mistakenly arguing that getting the name of the person the IP address is

BitTorrent downloading of the assigned to equals the identity of the party who engaged in the

Without attempting to .an IP address is not a person ,Unfortunately for Plaintiff .eussi ta "mlif"

I would like to point out that while the IP address ,argue the merits of the case at this early stage

according to information given to me by)ed is currently registered to me believed to have been us

I ,Further .I am not the only person in my household using said internet connection ,(Comcast

d haveany of my neighbors coul ,would like to point out that because I use a "WiFi" connection

This is not an attempt to argue the merits of the .accessed the internet via my wireless signal

merely to point out that gaining the identity of the IP address holder is not the same as ,case

tiff argues that all defendants havesince Plain ,Further .identifying the copyright infringer

,noted<u>On the Cheap</u> the court in ,somehow worked together to infringe on the "film" at issue

Most recent decisions on this issue have concluded that the use of the BitTorrent

P cases in2om earlier rulings in Pprotocol does not distinguish those cases fr which courts found that joining multiple Doe defendants was improper since downloading the same file did not mean that each of the defendants were engaged ,435-1Does .v .Inc ,IO Group ,.g.See e .in the same transaction or occurrence .Inc ,Diabolic Video Productions ;(2011 ,3 .Feb .Cal .D.N)SI -4382-10 .Case No Pacific ;(2011 ,31May .Cal .D.N)PSG -5865-10 .Case No ,2099-1Does .v ;(2011 ,8July .Cal .D.N)DMR -2533-11 .Case No ,101-1Does .Century Int'l v ;(2011 ,5 .Aug .Cal .D.N) (PSG)LHR -2834-11 .Case No ,52-2 Does .Boy Racer v Hard ;(2011 ,15 .Aug .Cal .D.N)LB -2331-11 .Case No ,149-1Does .MCGIP v .Aug .Cal .D.N)JCS -1566-11 .Case No ,188-1Does .v .Inc ,Drive Productions ".(2011 ,23

## IV. CONCLUSION

Based on all the foregoing reasons, I respectfully request that the court sever this case once again.

Respectfully submitted,

Dated: 9/13/2011

*s/John Doe*
John Doe
*Pro se*
john.doe.does.271@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on 9/13/2011, I served a copy of the foregoing document, via US Mail, on:

Brett L. Gibbs, Esq.
Steele Hansmeier PLLC.
38 Miller Avenue #263
Mill Valley, CA 94941

And via electronic mail on:
jd02833.271@gmail.com

jd077455690@gmail.com

(no further identifying information supplied)

/s/John Doe
John Doe
john.doe.does.271@gmail.com