IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| BOY RACER, INC., </br> Plaintiff, </br> vs. </br> DOES 2-71, </br> Defendants. | CASE No. 5:11-cv-02833-EJD </br></br> DEFENDANT'S AMENDED[1] RESPONSE TO PLAINTIFF'S OMNIBUS RESPONSE TO MOVANTS' MOTIONS TO QUASH |

As an individual attempting to protect my privacy, I wish to counter some of the arguments put forth in the Plaintiff' Omnibus Response to Movants' Motions to Quash. The reason I filed a motion to quash was because I wish to maintain my anonymity as long as possible. Filing the motion under my given name would in fact defeat the purpose of filing the motion in the first place. I respectfully request the court consider the arguments below without requiring me to reveal personally identifiable information.

## I. ONLY ONE IP ADDRESS BELONGS TO ME

To counter and dispose of one of the main issues in Plaintiff's Omnibus Opposition to Motions to Quash, I would like to state for the record that only one IP address was asserted by Comcast as belonging to me. While I would like to thank Plaintiff's counsel for being so concerned about the potential costs of litigation should the case be severed and it turn out that more than one identified IP address belong to me, in fact, only one IP address was identified as belonging to me and therefore this argument is moot as far as I am concerned.

---

1 Unforeseen technological difficulties made the initial filing unreadable. This is the correct version.

Since Plaintiff's counsel is so concerned over the similarities in the motions to quash, I invite the court and Plaintiff's counsel to learn more about the case in the same manner I did, namely, to perform a search on Google of "Steele Hansmeier scam." In the list of links, there is a website providing this document specifically for use by anonymous defendants to assert their rights in a court of law. Further, I would like to point out that the motion I submitted is available online via "PACER" and therefore any other Doe Defendants would have been able to see and copy my motion prior to filing one on their own[2].

## II. PLAINTIFF'S COUNSEL IS NOT ENTITLED TO JOINDER

Plaintiff's counsel counters many of the cases I cited. However, Plaintiff clearly misstates the decision by this court in John Doe 1- 71 where this court clearly states "The undersigned further recommends that if Boy Racer can refile separate complaints against Does 2 through 71...." I would like to point out that the court stated "complaints" in the plural, therefore, when this court said "refile separate complaints" that appears to mean "file more than one separate complaint". Plaintiff in fact filed ONE separate complaint, clearly contrary to the court order.

Further, more and more of these so-called "copyright troll" cases are being severed by courts as judges come to realize that Federal joinder rules are being misused by lawyers in order to file a single lawsuit and use early ex-parte discovery to gain the identity of Comcast customers' identities in order to later send settlement letters demanding thousands of dollars. Just last week, yet another case was thrown out by the Northern District of California. The judge in On the Cheap, LLC v. Does 1-5011, Case No. 10-4472-BZ (N.D. Cal. Sept. 6, 2011) specifically noted that

> Even if Plaintiff had satisfied FRCP 20(a)(2)'s conditions for joinder, I would still sever the Doe Defendants based on my discretionary authority under FRCP 20(b)

---

[2] I will also be serving this motion to the other Doe Defendants in this case and the other Defendants may choose to use a modified version of this document themselves.

and FRCP 21.... Since Joinder is permissive in character, there is **"no requirement that the parties must be joined**," particularly where joinder would "confuse and complicate the issue for all parties involved' rather than make the resolution of the case more efficient. Wynn v Nat'l Broad. Co., Inc., 234 F. Supp. 2d 1067 (citing Wright, Miller & Kane, Federal Practice and Procedure § 1652).... Because the large number of defendants with individual issues will create "scores of mini-trials involving different evidence and testimony" and complicate the issues for all those involved, it is more efficient to proceed with separate cases where there will be separate proceedings, including separate motion hearings and ADR efforts. [emphasis added]

I would like to point out that in the case of IO Group, Inc. v. Does 1-435, that the judge specifically noted that:

> Plaintiff's motive for seeking joinder, therefore, is to keep its own litigation costs down in hopes that defendants will accept a low initial settlement demand. However, filing one mass action in order to identify hundreds of Doe defendants through pre-service discovery and facilitate mass settlements, is not what the joinder rules were established for. [Case No. 10-4382-SI (N.D. Cal. Feb. 3, 2011)]

### III. AN IP ADDRESS IS NOT THE SAME AS A PERSON

Plaintiff is mistakenly arguing that getting the name of the person the IP address is assigned to equals the identity of the party who engaged in the BitTorrent downloading of the "film" at issue. Unfortunately for Plaintiff, an IP address is not a person. Without attempting to argue the merits of the case at this early stage, I would like to point out that while the IP address believed to have been used is currently registered to me (according to information given to me by Comcast), I am not the only person in my household using said internet connection. Further, I would like to point out that because I use a "WiFi" connection, any of my neighbors could have accessed the internet via my wireless signal. This is not an attempt to argue the merits of the case, merely to point out that gaining the identity of the IP address holder is not the same as identifying the copyright infringer. Further, since Plaintiff argues that all defendants have somehow worked together to infringe on the "film" at issue, the court in On the Cheap noted,

Most recent decisions on this issue have concluded that the use of the BitTorrent protocol does not distinguish those cases from earlier rulings in P2P cases in which courts found that joining multiple Doe defendants was improper since downloading the same file did not mean that each of the defendants were engaged in the same transaction or occurrence. See e.g., <u>IO Group, Inc. v. Does 1-435</u>, Case No. 10-4382-SI (N.D. Cal. Feb. 3, 2011); <u>Diabolic Video Productions, Inc. v. Does 1-2099</u>, Case No. 10-5865-PSG (N.D. Cal. May 31, 2011); <u>Pacific Century Int'l v. Does 1-101</u>, Case No. 11-2533-DMR (N.D. Cal. July 8, 2011); <u>Boy Racer v. Does 2-52</u>, Case No. 11-2834-LHR (PSG) (N.D. Cal. Aug. 5, 2011); <u>MCGIP v. Does 1-149</u>, Case No. 11-2331-LB (N.D. Cal. Aug. 15, 2011); <u>Hard Drive Productions, Inc. v. Does 1-188</u>, Case No. 11-1566-JCS (N.D. Cal. Aug. 23, 2011)."

## IV. CONCLUSION

Based on all the foregoing reasons, I respectfully request that the court sever this case once again.

Respectfully submitted,

Dated: 9/16/2011

<u>s/John Doe</u>
John Doe
*Pro se*
john.doe.does.271@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on 9/16/2011, I served a copy of the foregoing document, via US Mail, on:

    Brett L. Gibbs, Esq.
    Steele Hansmeier PLLC.
    38 Miller Avenue #263
    Mill Valley, CA 94941

And via electronic mail on:
    jd02833.271@gmail.com

    jd077455690@gmail.com

    (no further identifying information supplied)


/s/John Doe
John Doe
john.doe.does.271@gmail.com